would be within the level of ordinary skill. Because the Board misinterpreted the rubberbanding limitation, we vacate its rejection of claims 2, 9, and 16, and remand for the Board to reconsider these claims in light of the proper interpretation of rubberbanding.[2]

### CONCLUSION

We have considered the parties' remaining arguments and find them unpersuasive. The Board correctly construed the scroll or gesture limitation but erred in its construction of the rubberbanding limitation. Therefore, the Board's decision is affirmed-in-part, vacated-in-part, and remanded for further proceedings consistent with this opinion.

**AFFIRMED-IN-PART, VACATED-IN-PART, AND REMANDED**

### COSTS

Each party shall bear its own costs.

THOMAS BERNARD CORBIN, Thomas B. Corbin & Associates, LLC, Baltimore, MD, argued for petitioner.

RICHARD PAUL SCHROEDER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., DEBORAH A. BYNUM.

(Newman, O'Malley, and Reyna, Circuit Judges).

### JUDGMENT

Per Curiam

THIS CAUSE having been heard and considered, it is ORDERED and ADJUDGED:

**AFFIRMED.** *See* **Fed. Cir. R. 36.**

---

**Jerry GANTT, Petitioner**

v.

**SOCIAL SECURITY ADMINISTRATION, Respondent**

2015-3115

United States Court of Appeals, Federal Circuit.

April 18, 2017

**INTELLECTUAL VENTURES II LLC, Appellant**

v.

**ERICSSON INC., Telefonaktiebolaget LM Ericsson, Appellees**

2016-1803

United States Court of Appeals, Federal Circuit.

Decided: April 18, 2017

---

**2.** On remand, the Board should also consider Lira's disclosure that the "column is re-centered and snapped back" into alignment with

the display window when "the user's scrolling does not exceed the threshold," as identified in the Examiner's Answer. J.A. 844.